UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR 15 P 3: 22

U.S. DISTRICT COURT
HARTFORD, CT.

ROBERT JACKSON

v.

PRISONER
CASE NO. 3:00cv904(RNC)(DFM)

WATERBURY POLICE DEP'T, ET AL.

### RULING ON MOTION TO DISMISS

The plaintiff brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915 against the Waterbury Police Department and three Waterbury police officers. The plaintiff initially attempted to bring this action on behalf of his three minor children. On January 10, 2001, the court dismissed the claims of the minor plaintiffs Tabatha Jackson, James Young and Shovahan Young without prejudice and also dismissed all claims against the Waterbury Police Department. (See doc. # 7.) The case remains pending against Officers Ryan, Crea and Flaherty.

On June 24, 2003, the plaintiff notified the court that he had been discharged and resided in New York. On November 24, 2003, the defendants filed a motion to compel plaintiff's attendance at his deposition. Counsel for the defendants stated that the plaintiff's deposition had been scheduled for November 21, 2003, but the plaintiff failed to show up for the deposition and failed to respond to repeated written requests to contact counsel. The letters were mailed to the plaintiff at his White Plains, New York address. The plaintiff failed to respond to the motion to compel

or contact the court in any way.  On December 11, 2003, the court granted defendants' motion to compel plaintiff to attend his deposition and ordered the plaintiff to attend his deposition.

The defendants re-noticed the plaintiff's deposition for December 22, 2003.  Counsel made several telephone calls to the plaintiffs residence and sent several written requests concerning the deposition.  Counsel states that the plaintiff failed to respond to the telephone calls or written requests.  Counsel re-noticed the deposition for December 29, 2003.  Again, counsel made several telephone calls and sent letters to the plaintiff regarding his obligation to attend the deposition.  The plaintiff failed to respond in anyway and did not attend his deposition.

The defendants now move to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to plaintiff's failure to comply with a court order and attend his deposition.  The court issued an order of notice to _pro se_ litigant on January 13, 2004, advising plaintiff of his obligation to respond to the motion to dismiss within twenty-one days of the date the motion was filed.  The order was not returned to the Court as undeliverable.  The plaintiff has failed to respond to the motion or contact the court in any way.  In fact, the last time the plaintiff contacted the court was in June 2003, when he informed the court of his discharge from prison and new address.  The last time the plaintiff took any action to prosecute this case was in April 2003, when he filed a motion for extension of the scheduling

order deadlines.

Because the plaintiff has failed to attend his deposition as ordered by the court, has failed to respond to the motion to dismiss and has failed to take any action to prosecute this case in eleven months, the Motion to Dismiss [**doc. # 51**] this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is **GRANTED**. All claims against defendants Crea, Ryan and Flaherty are dismissed with prejudice pursuant to Rule 41(b), Fed. R. Civ. P. The Clerk is directed to close this case.

SO ORDERED this 15th day of March, 2004, at Hartford, Connecticut.

Robert N. Chatigny
United States District Judge