UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| ROBERT JACKSON, | PRISONER<br>: CIV. NO. 3:00CV904 (RNC)(DFM) |
| Plaintiff, |  |
| vs. |  |
| WATERBURY POLICE DEPARTMENT<br>OFFICER RYAN, OFFICER CREA<br>AND OFFICER FLAHERTY, | : JUNE 23, 2004 |
| Defendants. |  |

### **MEMORANDUM IN OPPOSITION TO MOTION TO RECONSIDER JUDGMENT OF DISMISSAL**

The defendants submit this memorandum in opposition to plaintiff's Motion to Reconsider Judgment of Dismissal dated June 16, 2004. The plaintiff's motion contains no basis for the relief requested and should be denied for the reasons hereinafter set forth.

**FACTS**:

On November 24, 2003, the defendants filed a motion to compel plaintiff's attendance at his deposition, after plaintiff had failed to show up for his deposition and failed to respond to repeated written requests to contact counsel. After the plaintiff failed to respond to the motion to compel or to

contact the court or counsel in any way, on December 11, 2003, the court granted defendants' motion to compel and ordered the plaintiff to attend his deposition.

Thereafter, plaintiff repeatedly failed to appear for his deposition after it was re-noticed and failed to respond to multiple telephone calls made to plaintiff's residence and multiple letters sent to the plaintiff regarding his obligation to attend the deposition.  Defendants then moved to dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to the plaintiff's failure to comply with the court's order.  The court issued an order of notice to the plaintiff on January 13, 2004, advising him of his obligation to respond to the motion to dismiss within twenty-one days of the date the motion was filed.  The order was not returned to the court as undeliverable.  The plaintiff failed to respond to the motion or contact the court or counsel in any way.

On March 15, 2004, the court granted the defendants' motion to dismiss, "[b]ecause the plaintiff ha[d] failed to attend his deposition as ordered by the court and had faile[d] to take any

action to prosecute this case in eleven months." Judgment entered thereafter on March 30, 2004.

On June 14, 2004, the plaintiff filed a motion to reconsider judgment of dismissal, claiming that he has been incarcerated and out of contact with his family "for the past several months", and so was unaware of the motion to dismiss or his need to respond to it.

The defendants hereby object to plaintiff's Motion and submit this memorandum of law in opposition.

**LAW & ARGUMENT**:

The plaintiff has failed to provide the court with a legal basis or authority regarding the relief requested.  However, assuming the court chooses to treat the plaintiff's pleading as a motion for relief from judgment or order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the plaintiff's motion should be denied.  Rule 60(b) provides in pertinent part that:

> On motion and upon such terms as are just, the court may relieve a party ... from final judgment, order or proceeding for the following reasons:  (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud...misrepresentation, or other misconduct of an adverse party; (4) the

>       judgment is void; (5) the judgment has been
>       satisfied, released or discharged ... ; or
>       (6) any other reason justifying relief from
>       the operation of the judgment.

A motion for relief from judgment is addressed to the sound discretion of the district Court. _Paddington Partners v. Bouchard_, 34 F.3d 1132, 1140 (2d Cir. 1994). The burden of proof on a motion to vacate a judgment is on the plaintiff. _United States v. Harrison County_, 463 F.2d 1328, 1330 (5th Cir. 1992). "Generally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,' that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." _Kotlicky v. U.S. Fidelity & Guar. Co._, 817 F.2d 6, 9 (2d Cir. 1987) (internal citations omitted).

In the instant case, the plaintiff has provided no basis for the relief requested and no evidence in support of his motion other than his bare assertion that because of his incarceration for "the past several months" he was unaware of the motion to dismiss or his need to respond.

Upon information and belief resulting from a telephone call by the undersigned to the New Haven Correctional Center on June 16, 2004, the plaintiff was re-admitted to the Connecticut

-4-

Prison System at Gardner on March 23, 2004, after which he was transferred to New Haven Correctional Center on May 4, 2004. The fact that plaintiff was incarcerated on and after March 23, 2004, has no bearing on plaintiff's previous repeated failures to attend his deposition when he was residing in New York, his repeated failures to respond to telephone calls and written requests from counsel, his failure to respond to defendants' motion to compel, his repeated failures to attend his deposition after being ordered to do so by the Court, his repeated failure to respond to telephone calls and letters from counsel regarding his obligation to attend the deposition pursuant to the court order, his failure to respond to defendants' motion to dismiss or court's order of notice dated January 13, 2004 advising the plaintiff of his obligation to respond to the motion to dismiss, or his failure to take any action to prosecute this case after April, 2003.

    As the plaintiff has failed to provide the court with any grounds, any "highly convincing" evidence, or any evidence whatsoever on which to vacate the judgment, the motion should be denied summarily.

Moreover, a vacation of the judgment would impose a hardship on the defendants under the circumstances of this case. The plaintiff's repeated failures to attend his deposition, to respond to counsel's repeated letters and telephone calls, and failures to respond to the court's orders and notices have already resulted in an undue expenditure in time and expense by the defendants, and has burdened judicial resources.

As the plaintiff has failed to show that no undue hardship will be imposed on other parties, failed to show good cause for his failure to act sooner, and failed to provide highly convincing evidence in support of his motion, see, Kotlicky v. U.S. Fidelity & Guar. Co., supra, his motion should be denied.

**CONCLUSION**:

    Based on the foregoing the defendants respectfully request that plaintiff's motion be denied.

<pre>
                              DEFENDANTS, WATERBURY POLICE
                              DEPARTMENT, OFFICER RYAN,
                              OFFICER CREA AND OFFICER
                              FLAHERTY



                              BY_____
                                Marcia J. Gleeson
                                Federal Bar Number: ct05303
                                Sack, Spector & Karsten
                                836 Farmington Avenue
                                West Hartford, CT 06119
                                Their Attorney
</pre>

**CERTIFICATION**

    This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 23rd day of June, to the following pro se party of record:

Mr. Robert Jackson, #264269  
New Haven Correctional Center  
245 Whalley Avenue  
New Haven, CT  06530

<pre>
                              _____
                              Marcia J. Gleeson
</pre>

```
Mary E. Larsen
Deputy Clerk
United States District Court
915 Lafayette Blvd.
Bridgeport, CT  06604
```